UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
CARL W. TUCCI AND                               Chapter 7
YVETTE G. TUCCI,                                Case No. 10-11451-WCH
       DEBTORS.
_____

SAMPSON LUMBER CO., INC.,
       PLAINTIFF,
                                                Adversary Proceeding
v.                                              No. 10-01161

CARL W. TUCCI AND
YVETTE G. TUCCI,
       DEFENDANTS.
_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matters before the Court are the "Defendant Carl W. Tucci's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56" (the "Motion for Summary Judgment") filed by the debtor, Carl W. Tucci (the "Debtor") and the "Brief of Plaintiff, Sampson Lumber Co., Inc., in Opposition to Motion for Summary Judgment of Defendant, Carl W. Tucci" (the "Opposition") filed by the plaintiff, Sampson Lumber Co., Inc. (the "Plaintiff"). Through the Motion for Summary Judgment, the Debtor seeks a determination that the Plaintiff's claim is dischargeable. Because the claim cannot satisfy the elements of 11 U.S.C. § 523(a)(2), I will grant the Motion for Summary Judgment.

## II. PROCEDURAL MATTERS

Pursuant to Local Rule 56.1 ("Local Rule 56.1") of the United States District Court for the District of Massachusetts, adopted and made applicable to proceedings in the Bankruptcy Court by Massachusetts Local Bankruptcy Rule ("MLBR") 7056-1, motions for summary judgment must include "a concise statement of material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions, and other documentation."[1] Failure to include such a statement constitutes grounds for denial of the motion.[2] Oppositions to summary judgment must similarly be accompanied by a statement of material facts to which the opposing party contends that there exists a genuine issue to be tried, with supporting references to the record.[3] All referenced documents must be filed as exhibits to the motion or opposition.[4] Material facts set forth in the moving party's statement are deemed admitted for purposes of summary judgment if not controverted by an opposing statement.[5]

The Debtor filed a statement pursuant to Local Rule 56.1, "Defendant Carl W. Tucci's Concise Statement of Material Facts in Support of Motion for Summary Judgment," (the "Statement of Material Facts") on September 14, 2011.[6] The Plaintiff did not file an opposing statement of facts together with the Opposition. Accordingly, the facts set forth in the Debtor's Statement of Material Facts are deemed admitted for purposes of summary judgment.

---

[1] LR, D. Mass. 56.1, adopted and made applicable to proceedings in the Bankruptcy Court by MLBR 7056-1.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Statement of Material Facts, Docket No. 42.

## III. <u>BACKGROUND</u>[7]

The Plaintiff is a seller of lumber and building supplies with its place of business in Pembroke, Massachusetts.[8] The Debtor had been a customer of the Plaintiff for a period of time prior to August 8, 2003, during which he paid for his purchases by cash or check.[9] On August 8, 2003, the Debtor completed a credit application (the "Application") to apply for a credit account with the Plaintiff.[10] The Debtor hand wrote the Application and listed Star Realty Trust (the "Trust") as the business seeking credit.[11] The Application requested information for "<u>All</u> Owners" of the Trust, and the Debtor wrote only his name and address (the "Statement of Ownership") (emphasis in original).[12] The Debtor, however, owned only 65% of the beneficial interest in the Trust.[13] The Debtor did not disclose that Robert Carey Jr. owned the remaining 35% interest.[14] The Plaintiff checked the credit references provided by the Debtor, and approved the Application.[15]

---

[7] I take judicial notice of the docket in the present case, as well as those of related cases before this Court. *See Rodi v. Southern New England School of Law*, 389 F.3d 5, 17-19 (1st Cir. 2004) (citations omitted).

[8] Findings of Fact & Rulings of Law, Plymouth District Court, 200759CV00031 (August 1, 2008), Docket No. 1, Exhibit B.

[9] Statement of Material Facts, Docket No. 42 at ¶ 6.

[10] *Id.* at ¶ 8.

[11] Complaint, Docket No. 1, Exhibit A.

[12] *Id.*

[13] Statement of Material Facts, Docket No. 42 at ¶ 4.

[14] Findings of Fact & Rulings of Law, Plymouth District Court, 200759CV00031 (August 1, 2008), Docket No. 1, Exhibit B.

[15] Statement of Material Facts, Docket No. 42 at ¶ 11.

The Debtor purchased materials from the Plaintiff on credit, and then was unable to pay his credit account.[16] The Plaintiff alleges in the Complaint that the Debtor represented that he was unable to pay because he was still awaiting payment from a third party for an earlier job.[17] The Plaintiff filed a collection action (the "Plymouth Action") in Plymouth District Court against the Debtor on January 2, 2007, asserting three claims: (1) breach of contract, (2) goods sold and delivered, and (3) quantum meruit.[18] No claims of fraud were brought in the Plymouth Action or addressed by the Plymouth District Court.[19] The Plaintiff alleges that during the Plymouth Action, the Debtor's counsel made statements to the effect that the Debtor was not liable for debts of the Trust.[20] Nevertheless, the Plymouth District Court found that because the Debtor had no authority to act on the Trust's behalf when he submitted the Application, the Debtor was liable for the Trust's debt to the Plaintiff to the extent the Trust could not pay.[21] The Plymouth District Court entered judgment against the Debtor in the amount of $55,801.97, including interest and attorney's fees.[22] The Debtor subsequently filed a voluntary Chapter 7 petition on February 16, 2010.[23]

---

[16] Findings of Fact & Rulings of Law, Plymouth District Court, 200759CV00031 (August 1, 2008), Docket No. 1, Exhibit B.

[17] Complaint, Docket No. 1 at ¶ 9.

[18] Statement of Material Facts, Docket No. 42 at ¶¶ 16-17.

[19] Findings of Fact & Rulings of Law, Plymouth District Court, 200759CV00031 (August 1, 2008), Docket No. 1, Exhibit B.

[20] Complaint, Docket No. 1 at ¶ 12.

[21] Findings of Fact & Rulings of Law, Plymouth District Court, 200759CV00031 (August 1, 2008), Docket No. 1, Exhibit B.

[22] *Id.*

[23] Chapter 7 Voluntary Petition, Docket No. 1, Case No. 10-11451-WCH.

On June 11, 2010, the Plaintiff filed a complaint (the "Complaint") against the Debtor and his wife, co-debtor Yvette Tucci (collectively, the "Debtors"), seeking to establish the nondischargeability of the judgment awarded against the Debtor pursuant to 11 U.S.C. § 523(a).[24] The Plaintiff's Complaint argues that three false statements attributable to the Debtor are grounds for nondischargeability: (1) the Debtor's written Statement of Ownership, (2) the Debtor's oral representation that he could not pay his credit account because he was awaiting payment from a third party for an earlier job, and (3) the Debtor's counsel's oral statements made during the Plymouth Action to the effect that the Debtor was not liable for debts of the Trust.[25] The Complaint raises both 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B) as grounds for nondischargeability.[26]

On September 14, 2011, the Debtors each filed separate motions for summary judgment. The Motion for Summary Judgment addresses both 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B).[27] Nevertheless, the Plaintiff's Opposition, filed on September 21, 2011, failed to oppose the Motion for Summary Judgment with regard to § 523(a)(2)(A). In fact, the Plaintiff stated in a footnote that the Debtor's reliance on *Palmacci v. Umpierrez*,[28] which establishes the elements of an 11 U.S.C. § 523(a)(2)(A) claim, is inapposite because "[t]hat case deals with a different section of the Bankruptcy Code."[29] Accordingly, the Plaintiff has waived any potential claim under 11 U.S.C. § 523(a)(2)(A). I held a hearing on September 30, 2011, at

---

[24] Complaint, Docket No. 1.

[25] *Id.*

[26] *Id.* at ¶ 4.

[27] Motion for Summary Judgment Filed by Carl Tucci, Docket No. 41 at ¶ 1.

[28] 121 F.3d 781 (1st Cir. 1997).

[29] Opposition, Docket No. 50, FN 1.

which time I granted Yvette Tucci's Motion for Summary Judgment and took the Motion for Summary Judgment under advisement. Accordingly, Carl Tucci is the sole remaining defendant.

## IV. POSITIONS OF THE PARTIES

<u>The Debtor</u>

The Debtor argues that the Plaintiff cannot establish the elements required for a determination of nondischargeability under 11 U.S.C. § 523(a)(2)(B). First, the Debtor contends that he never made any false statement.[30] The Debtor states that because the beneficiary of a nominee trust is an owner of the trust, and at all relevant times he held a 65% beneficial interest in the Trust, the Statement of Ownership was not false.[31] Further, the Debtor argues that because the statements made by his counsel in the Plymouth Action were not made personally by him and were merely legal arguments, they cannot be grounds for nondischargeability.[32] Second, the Debtor contends that even if a false statement was made, the requisite evidence of intent to deceive the Plaintiff is lacking.[33] Third, the Debtor argues that none of the alleged false statements affected the Plaintiff's decision to extend credit to the Debtor, and accordingly the element of reliance cannot be satisfied.[34] Finally, the Debtor contends that the Plaintiff's reliance on issue preclusion is misplaced, as the issue of fraud was neither addressed nor decided in the Plymouth Action.[35]

---

[30] Statement of Material Facts, Docket No. 42 at ¶ 15.

[31] Motion for Summary Judgment Filed by Carl Tucci, Docket No. 41 at ¶ 1.

[32] *Id.* at ¶ 4.

[33] Brief in Support of Motion for Summary Judgment Filed by Carl Tucci, Docket No 45. at 11.

[34] *Id.* at 10.

[35] *Id.* at 2.

The Plaintiff

The Plaintiff argues in its Opposition that the elements of 11 U.S.C. § 523(a)(2)(B) have been met, and accordingly a determination of nondischargeability is appropriate.[36] The Plaintiff also argues that the Plymouth District Court addressed the issue of the Debtor's fraud, and therefore issue preclusion should prevent this Court from revisiting the issue of whether the Debtor made a false statement.[37]

## V. **DISCUSSION**

### A. The Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[38] "A 'genuine' issue is one supported by such evidence that a 'reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving party."[39] Material facts are those having the potential to affect the outcome of the suit under the applicable law.[40]

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or

---

[36] Opposition, Docket No. 50 at 1.

[37] *Id.* at 2.

[38] Fed. R. Civ. P. 56(a) made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

[39] *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d. 1, 2 (1st Cir. 1999) (quoting *Smith v. F.W. Morse & Co.*, 76 F.3d 413, 427 (1st Cir. 1996)).

[40] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[41]

A genuine issue cannot be established by "conclusory allegations, improbable inferences, and unsupported speculation."[42] The Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.[43]

B. 11 U.S.C. § 523(a)(2)(B)

A Chapter 7 debtor generally may obtain a discharge of his pre-bankruptcy filing debts.[44] Some debts incurred as a result of the debtor's fraud, however, cannot be discharged in bankruptcy.[45] Section 523(a)(2)(B) of the Bankruptcy Code states that a debt is nondischargeable if obtained by "use of a statement *in writing* (i) that is materially false; (ii) respecting the debtor's . . . financial condition; on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive [emphasis added]." I will first address whether any of the allegedly false statements made by the Debtor concern the Debtor's "financial condition."

There is disagreement among courts as to the definition of the phrase "financial condition" with respect to 11 U.S.C. § 523(a)(2)(B). Some cases within the First Circuit define the phrase narrowly, so that financial condition means "a balance sheet and/or profit and loss statement or other accounting of an entity's overall financial health and not a mere statement as

---

[41] Fed. R. Civ. P. 56(c)(1).

[42] *Griggs-Ryan v. Smith*, 904 F.2d 112, 116 (1st Cir. 1990) (*quoting Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

[43] *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000).

[44] *See* 11 U.S.C. § 727.

[45] 11 U.S.C. § 523(a)(2).

to a single asset or liability."[46] Other cases define the phrase "financial condition" broadly, so that something less than a "formal financial statement" may qualify as a statement of financial condition.[47] I, however, have previously held in *In re Soderlund*[48] that the narrow definition of "financial condition" is the proper interpretation of 11 U.S.C. § 523(a)(2)(B), and I have not altered my view.

Applying the narrow definition to the present case, the Statement of Ownership does not qualify as a statement of financial condition because it was a statement of ownership of a single asset, and not an assessment of the Debtor's overall financial health. Accordingly, the Statement of Ownership does not satisfy the "financial condition" element of 11 U.S.C. § 523(a)(2)(B). The Plaintiff does not allege any other written statement made by the Debtor. Having found that it is impossible for the Plaintiff to satisfy the "financial condition" element required for a nondischargeability determination under 11 U.S.C. § 523(a)(2)(B), I need go no further in addressing the Plaintiff's other arguments.

---

[46] *Bal-Ross Grocers, Inc. v. Sansoucy (In re Sansoucy)*, 136 B.R. 20, 23 (Bankr. D. N.H. 1992); *See also Zimmerman v. Soderlund (In re Soderlund)*, 197 B.R. 742 (Bankr. D. Mass. 1996); *Benjelloun v. Robbins (In re Robbins)*, 178 B.R. 299, 304 (Bankr. D. Mass. 1995).

[47] *Connecticut Nat'l Bank v. Panaia (In re Panaia)*, 61 B.R. 959, 960 (Bankr. D. Mass. 1986).

[48] *In re Soderlund*, 197 B.R. at 745-746.

## VI. CONCLUSION

In light of the foregoing, I will enter an order granting the Motion for Summary Judgment.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: November 15, 2011

Counsel Appearing:

    Charles S. Kelly, Law Offices of Charles S. Kelly, Hingham, MA,
        for the Plaintiff, Sampson Lumber Co., Inc.
    John C. Carleen & Margaret Carleen, Carleen and Caramanica Law Firm, Stoneham,
        MA, for Carl W. Tucci & Yvette G. Tucci, the Debtors.